CHAUVIN & LEVOIS *v.* FRANÇOIS CHAIZ—Parish Recorder.

Plaintiffs bought at Sheriff's sale a plantation and slaves, on the 7th January, 1843. The Recorder certified that a mortgage, inscribed 13th October, 1848, existed on the property. Plaintiffs sued the Recorder to compel him to erase the mortgage so far as their property was concerned—and obtained judgment. *By the Court*—The judgment appears to us perfectly in conformity to the rights of the parties.

APPEAL from the District Court, Fourth District, Parish of St. Charles, *Duffel*, J. *St. Paul*, for plaintiffs. *Forcelle*, for *Louis D'Arensburgh*, adm., appellant.

BUCHANAN, J. (VOORHIES, J., dissenting.) The plaintiffs having purchased a plantation and slaves on the 7th January, 1843, at a Sheriff's sale, made by the Sheriff of the parish of St. Charles, in execution of a judgment against one *Zenon D'Arensburgh*, complain that the defendant has improperly certified, as a mortgage upon said property, a judgment in favor of *Louis D'Arensburgh*, *administrator*, &c., v. *Zenon D'Arensburgh*, inscribed on the 13th October, 1848.

The present appeal is taken from a judgment ordering the erasure of the said judicial mortgage, so far as concerns the property of plaintiffs in the petition mentioned.

That judgment appears to us to be perfectly in conformity to the rights of the parties: and we must even express our surprise that this appeal has been taken, when we perceive that the party who takes it has disclaimed in his pleadings in the Court below, having authorized the Recorder to certify his judgment as a mortgage upon the property of plaintiffs.

It is proper to observe that the appellant was not subjected to costs of the suit by the judgment below, and the appellees submitted and submit to that portion of the judgment.

It is, therefore, adjudged and decreed, that the judgment of the District Court be affirmed; the costs of appeal to be paid by appellant.

VOORHIES, J. (dissenting.) On the 7th of January, 1843, the plaintiffs acquired the ownership of a certain plantation and slaves at a Sheriff's sale, made

under an execution at the suit of the *Union Bank* against *Zenon D'Arens-burgh*. At the date of the sale, there existed only two conventional mortgages on the property, one in favor of the seizing creditor, which had priority in rank, and the other in favor of *Widow Hurtubize.* After the Sheriff's sale, two judgments were obtained against the seized debtor, one in favor of *Widow Hurtubize,* recorded on the 21st of September, 1846, and the other in favor of the administrator of the estate of *Hubert D'Arensburgh,* recorded the 12th of October, 1848.

The plaintiffs instituted this suit for the purpose of compelling the Recorder to erase from his books the two judicial mortgages resulting from the recording of those judgments. It is alleged by the plaintiffs that, contrary to their expressed wish, the Recorder, in giving them a certificate of mortgage, had improperly embraced therein those two mortgages as bearing on their property, acquired under the Sheriff's sale of the 7th of January, 1843. The defendant admitted, in his answer, that he had reported in his certificate the mortgages of which the plaintiffs complained, but urged that he considered himself bound to do so, as the parties in interest had not authorized him to do otherwise. He disclaimed having any interest in the subject-matter in controversy, and prayed that the mortgagees be cited and made parties to the suit, to litigate their rights contradictorily with the plaintiffs.

It is unnecessary to notice the defence urged by *Widow Hurtubize* in the Court below, as she is not a party to this appeal.

The administrator of *Hubert D'Arensburgh's* estate excepted to the plaintiffs' right to call him in warranty, on various grounds—amongst others, that the certificate of mortgage, the basis of the suit, was delivered without his *knowledge, consent,* or request—that in mentioning the judicial mortgage existing in favor of the estate against *Zenon D'Arensburgh,* the Recorder should have mentioned it only as a general mortgage resulting from the recording of a certain judgment, and not as bearing on any particular property claimed by third persons.

There was judgment in favor of plaintiffs, decreeing that the judicial mortgage of the estate of *Hubert D'Arensburgh* be declared null and void, so far as it related to the property in question, and the Recorder injoined from ever mentioning the same against said property.

The administrator is appellant from this judgment.

It appears to me from the pleadings in this case, that the plaintiffs have no right of action against the appellant. The cause of complaint or injury, if any existed, clearly originated with the Recorder in giving an improper certificate, as urged by the appellant. The Recorder, therefore, was alone responsible for the act, and not the appellant, who could have exercised no control over it. It is immaterial whether the defendant was exempted from the payment of costs, or not; it suffices that there existed no legal cause of action against him.

I am, therefore, of opinion that the judgment of the District Court should be reversed.